Casanas v Carlei Group, LLC (2021 NY Slip Op 06787)





Casanas v Carlei Group, LLC


2021 NY Slip Op 06787


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 101057/12 Appeal No. 14740-14740A Case No. 2020-04697 

[*1]Peter Casanas et al., Plaintiffs-Respondents,
v
The Carlei Group, LLC, et al., Defendants-Appellants.


Ganfer Shore Leeds & Zauderer LLP, New York (Dawn M. Wilson of counsel), for appellants.
Profeta & Eisenstein, New York (Jethro M. Eisenstein of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 15, 2021, after a nonjury trial, declaring that on or about January 10, 1990, the landlord of 73 West 82nd Street, also known as 461 Columbus Avenue, leased apartment 3C/3W to plaintiffs for 100 years at $100 per year as set forth in the purported lease entered into evidence as plaintiff's Trial Exhibit 10 and that plaintiffs are legally entitled to occupy the apartment, and dismissing defendants' counterclaims, unanimously affirmed, with costs. Appeal from underlying order, same court and Justice, entered June 15, 2020, making findings of fact after the nonjury trial and directing entry of judgment, dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs, husband and wife Peter and Elizabeth Casanas, commenced this action, alleging that in 1990, they executed a lease with the owner of the building located at 73 West 82nd Street, in New York County, for apartment 3C/3W, in which they resided, and seeking a declaration of their rights as lessees. At the time, the corporate entity that owned the building was owned by Peter's parents. Defendant Richard Casanas is Peter's brother and the sole member of defendant Carlei Group, LLC, which now owns the building. On this appeal we are asked to determine whether Supreme Court misapplied the best evidence rule or erred in admitting into evidence a photocopy of the purported lease or a photocopy of a purported memorandum of lease.
The best evidence rule "requires the production of an original writing where its contents are in dispute and sought to be proven" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]). However, under an exception to the rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent [] has sufficiently explained the unavailability of the [original]" and that the secondary evidence "is a reliable and accurate portrayal of the original" (id. at 644-646). Once such threshold showings have been made, "final determination" of the weight to be given to the secondary evidence is "left to the trier of fact" (id. at 646). Further, where, as here, the court sits as the factfinder, its fact-finding determination "should not be disturbed on appeal unless its conclusions could not have been reached under any fair interpretation of the evidence, particularly where the findings of fact rest in largely on the credibility of witnesses" (D.S. 53-16-F Assoc. v Groff Studios Corp., 168 AD3d 611 [1st Dept 2019]).
Here, as Supreme Court observed, the reliability of the photocopies turned on the court's credibility determinations, which we find no reason to disturb. Defendants' handwriting expert acknowledged that the images of the parents' signatures on the photocopy of the lease were consistent with their known signatures and he found no evidence that the images of their signatures or the [*2]document itself was manipulated. Rather, he merely speculated that such a danger of manipulation always exists. Further, contrary to defendants' theory of the case that the parents would not have given plaintiffs the lease because there was a strained relationship between them, we find no basis to disturb Supreme Court's conclusion that the parents "wanted to provide for their progeny" and "loved plaintiffs, certainly enough to give them an apartment in a building" which Richard now owns (see D.S. 53-16-F Assoc., 168 AD3d at 611). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021